UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LOUISIANA MID-CONTINENT OIL
AND GAS ASSOCIATION

CIVIL ACTION

VERSUS

PEERLESS INSURANCE
COMPANY

NO.: 17-01098-BAJ-EWD

RULING AND ORDER

Before the Court is Defendant's **Motion for Summary Judgment (Doc. 22)** and Plaintiff's **Motion for Partial Summary Judgment Regarding Insurance Coverage.** (Doc. 24) Both parties filed responses. (Doc. 29, 31) For the reasons stated herein, the **Motion for Summary Judgment (Doc. 22)** is **GRANTED IN PART** and **DENIED IN PART**. The **Motion for Partial Summary Judgment Regarding Insurance Coverage (Doc. 24)** is **DENIED**.

I. BACKGROUND

Plaintiff is the owner of immovable property located at 730 North Boulevard, Baton Rouge, Louisiana ("the Property"). Defendant issued an insurance policy to Plaintiff for the Property from 2016 to 2017. (Doc. 1-2 at p. 1) On or about August 12, 2016, Baton Rouge experienced extremely heavy rainfall during which Veronica Smith ("Mrs. Smith"), Plaintiff's office manager, was notified that there was a leak at the Property. (Doc. 31-1 at p. 2) Mrs. Smith's husband, Jordan Smith ("Mr. Smith")

1

climbed to the roof to investigate and found eight to ten inches of standing water on the flat roof. (*Id.*) After walking the perimeter of the roof, Mr. Smith located the drain where he found a "vortex" of water slowly draining over it. (*Id.*) He cleared a clump of leaves that had been clogging the drain, after which the water drained off the roof quickly. (*Id.*)

Afterwards, Plaintiff reported to Defendant that interior water damage was sustained to the Property. Defendant had an insurance adjuster inspect the Property on August 29, 2016. The adjuster concluded that there was no storm related damage to the roof of the Property. (*Id.*) Defendant's inspector noted wear and tear and cracks on the flat portion of the roof, which he concluded allowed the water to enter the interior of the building. On September 2, 2016 Defendant denied Plaintiff's insurance claim. (Doc. 22-1 at p. 5) On August 14, 2017 Plaintiff filed suit against Defendant in the 19th Judicial District. (Doc. 1-2 at p. 1) The case was removed to federal court on October 12, 2017. (Doc. 1)

At the core of the parties' dispute is the scope of coverage under the insurance policy. The relevant portions of the policy are as follows: Defendant is not obligated to cover damage to the interior of the Property caused by rain unless the Property first sustains damage from a covered cause of loss to the roof through which the rain enters. (Doc. 31-1 at p. 4) "Wear and tear" is not a covered cause of loss. The policy also contains an exclusion for damage resulting from "surface water." (*Id.* at p. 5). Both Plaintiff and Defendant seek summary judgment on the issue of whether the

2

damage to the Property is covered by the policy. Defendant also seeks summary judgment regarding Plaintiff's claims that Defendant acted in bad faith.

## II. LEGAL STANDARD

Pursuant to Rule 56, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*,

37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will be appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

III. DISCUSSION

   A. Insurance Coverage

      *1. Surface Water Exclusion Provision*

Defendant argues that Plaintiff's claims should be dismissed because the water on the roof was "surface water," which is explicitly excluded from coverage. (Doc. 22-1 at p. 14). Defendant points to *Sherwood Real Estate and Inv. Co., Inc. v. Old Colony Ins. Co.*, in which the court found that rain water which accumulated on a roof constituted surface water under the plaintiff's insurance policy.[1] 234 So.2d 445 (La. App. 1 Cir. 4/13/70). However, as the Louisiana Court of Appeal for the Fifth Circuit pointed out later in *Cochran v. Travelers Ins. Co*, this statement in *Sherwood* was dicta. 606 So.2d 22, 24 (La. App. 5 Cir. 9/16/92). The *Sherwood* court addressed the scope of a windstorm policy, which only covered windstorm damage, and ultimately held that the plaintiff failed to show that his loss resulted from a windstorm. *Id.*

---

[1] Defendant cites a string of other cases, but the Court finds *Sherwood* to be the most relevant, as it addresses facts similar to those in the instant case.

4

In contrast, the *Cochran* court addressed the scope of the surface water exclusion in an all risk policy, which covered all causes of damage other than those specifically excluded. *Id.* The court found that surface water is "water occurring generally on the surface of the earth." As such, the Court concluded that the term "surface water" did not include rainwater overflow on top of a roof. *Id.* The facts of *Cochran* are nearly identical to the those in the case at bar. Plaintiff's insurance policy is an all-risk policy with specific exclusion provisions, including one for surface water. (Doc. 22-3 at p. 75, 89) Therefore, based on *Cochran,* the Court concludes that water accumulation on a roof does not constitute surface water, as that term is used in insurance policies under Louisiana law.

This conclusion is buttressed by the plain language of the policy itself, which excludes water damage as a result of "flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water or their spray, and all whether driving by wind." (Doc. 31-1 at p. 5) The phrase "surface water" is listed among a group of terms that generally refer to the accumulation of water on the ground versus water on the roof of a building. Accordingly, Defendant is not entitled to summary judgment based on the surface water exclusion in the policy.

### 2. *Rain Limitation Provision*

Defendant alternatively argues that the rain limitation provision in Plaintiff's insurance policy precludes coverage because Plaintiff has failed to prove that the roof first sustained covered damage. (Doc. 22-1 at p. 11) Plaintiff's policy provides that Defendant is not responsible for rain damage to the interior of the Property unless

5

the Property first sustains damage from a covered cause of loss to its roof, which allows the rain to enter into the interior of the structure. (*Id.*) The policy specifies that "wear and tear, deterioration, and cracking" do not constitute a covered cause of loss. (*Id.*) Defendant argues that it is undisputed that the cracks in Plaintiff's roof were present prior to the rainfall and were not caused by a covered cause of loss such as wind, lightening, or storm. (Doc. 22-1 at p. 13) In contrast, Plaintiff argues that it is undisputed that the heavy rainfall on August 12, 2016, rather than wear and tear, caused the damage to the roof, which enabled water to enter the building. (Doc. 24-1 at p. 4)

The Court concludes that there exists a dispute of material fact as to whether the rainfall caused the cracks on the roof of the building. Plaintiff submitted the deposition of Dr. Neil Hall ("Hall"), who testified that the heavy rains on August 12, 2016 covered existing holes in the ceiling and enlarged them, which led to the water intrusion. (Doc. 31-5 at p. 26, 65, 70) Hall further testified that the wear and tear Defendant's insurance adjuster found was exacerbated by the hydrostatic pressure from the rain that accumulated on the roof. (*Id.*) In contrast, Defendant's adjuster, Fred Wolsefer ("Wolsefer"), found that the water entered the building through pre-existing cracks caused by wear and tear. (Doc. 22-5 at p. 2) Taken together, the Court must conclude that there exists a dispute of material fact as to whether heavy rainfall, which would constitute a covered cause of loss, caused damage to the roof which then resulted in rain damage to the interior of the building. Accordingly,

6

neither Defendant nor Plaintiff are entitled to summary judgement on the issue of whether the damage is covered by the policy.

### B. Water Backup Provision

Plaintiff argues that Defendant is not entitled to summary judgment based on the insurance policy's water backup exclusion, which provides that damage resulting from "water that backs up or overflows from a sewer, drain or sump" is excluded. (Doc. 29-3 at p. 96) The Court notes that Defendant does argue that the water backup provision precludes Plaintiff's recovery. In fact, Defendant appears to admit that the water backup exclusion does not apply in the case. (Doc. 22-1 at p. 12) (stating "[I]n any event, Plaintiff's engineer determined that a clogged drain did not contribute to the pooling of rain water or any subsequent damage to the Property."). Accordingly, it is unnecessary for the Court to address this argument.

### C. Bad Faith Claim

Defendant seeks the dismissal of Plaintiff's bad-faith claims. An insurer may only be liable for bad-faith penalties if it fails to timely pay a claim when such failure is arbitrary, capricious, or without probable cause. *See* La. R.S. 22:1973(B)(5); La. R.S. 22:1892(B)(1). An insurer does not act arbitrarily or capriciously when its refusal to pay a claim is based on a genuine dispute over coverage or the amount of loss. *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 297–98 (5th Cir. 2009). Plaintiff points to the fact that Defendant did not send an engineer to inspect the roof as evidence of bad faith. Plaintiff also points to the fact that, after initially denying coverage based on the "wear and tear" exclusion, Defendant updated its denial citing the "surface

water exclusion" provision. The Court cannot conclude that these facts alone support a finding of bad faith. (Doc. 24-1 at p. 5) Defendant sent Wolsefer, an experienced insurance adjuster, to inspect the roof, and he concluded that the damage was a result of wear and tear. (Doc. 22-5 at p. 2) This indicates that Defendant denied coverage after an investigation of the events, thus creating a genuine dispute over coverage. Moreover, when the Defendant learned that hydrostatic pressure caused the water intrusion, it further denied coverage, ostensibly because of the surface water provision. The alternative ground for denying coverage does not in itself indicate arbitrary or capricious behavior. Accordingly, Plaintiff's bad faith claims are dismissed.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Summary Judgment (Doc. 22)** is **GRANTED IN PART** and **DENIED IN PART**. Furthermore, the **Motion for Partial Summary Judgment Regarding Insurance Coverage (Doc. 24)** is **DENIED**.

Baton Rouge, Louisiana, this 18th day of March, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**